```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

**LADON SEAN CHURN BEY,**

      Plaintiff,                  CIVIL ACTION NO. 03-CV-72973-DT

  vs.                         DISTRICT JUDGE DENISE PAGE HOOD

                                    MAGISTRATE JUDGE DONALD A. SCHEER

**WILLIAM OVERTON,**
**ROBERT MULVANEY, and**
**PATRICK MERRY,**

      Defendants,
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion to Amend his Complaint raising additional allegations against old and new defendants should be **DENIED**, as a party may not seek leave to amend their complaint following entry of a final judgment without first moving to alter, set aside or vacate the judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.

                                   \*    \*    \*

Plaintiff, while a state prisoner at the Marquette Branch Prison (MBP) in Marquette, Michigan,[1] filed a Complaint, pursuant to 42 U.S.C. § 1983, on August 1, 2003, against the above named Defendants, who are employed by the Michigan Department of Corrections (MDOC). The Defendants included William Overton (former Director of the MDOC), Robert Mulvaney (MDOC Security

---

[1] Plaintiff is currently incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan.

Threat Group Coordinator) and Patrick Merry (Inspector of the Saginaw Regional Correctional Facility), who were sued in their individual and official capacities.  In his Complaint, Plaintiff accused these defendants of retaliating against him for exercising his right to file lawsuits and grievances against them.  He also claimed that defendants were motivated to punish him for his religious affiliation with the Moorish Science Temple of America.  Retaliation allegedly took the form of reclassifying him to a higher security level. Plaintiff claims that he became ineligible for certain prison jobs, and was unable to participate in community residential placement, due to his reclassification in September 2002, as a member of a Security Threat Group (STG).  In addition, Plaintiff alleged that the number of visitors he was allowed to have every month was reduced while he was on STG status, and that he was restricted to just one hour of recreational activities every day.  Plaintiff asserted that he was transferred to MBP in January 2003, as a result of his STG designation, but that he was never given a hearing to challenge his transfer to the higher security level facility.  Claiming violation of his First Amendment (access to the courts and free exercise of religion), due process and equal protection rights, Plaintiff sought declaratory relief and compensatory damages.

       In a Report and Recommendation dated April 22, 2004, I recommended that defendants' Motion for Summary Judgment be granted, as Plaintiff had failed to establish any violations of his federally secured constitutional rights (Docket #33).  In an Order

dated May 28, 2004, the Honorable Denise Page Hood accepted the Report and Recommendation, and dismissed Plaintiff's complaint with prejudice (Docket #34). The Sixth Circuit Court of Appeals subsequently affirmed the decision to dismiss the prisoner civil rights complaint on September 13, 2004 (Docket #45).

Plaintiff now seeks to amend his complaint in order to raise additional allegations against old and new party defendants concerning the same cause of action. Following entry of a final judgment, however, a party may not seek leave to amend their complaint without first moving to alter, set aside or vacate the judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Yuhasz v. Wellman, 341 F.3d 559, 569 (6th Cir. 2003); Morse v. McWhorter, 290 F.3d 795, 799 (6th Cir. 2002); Since Plaintiff has never filed a Rule 59 or 60 motion following the district court's entry of judgment, he cannot now seek leave to amend.[2]

---

[2] Because the amended complaint was not filed within ten days of final judgment, Rule 59(e) is inapplicable. Rule 60(b) also will not provide relief. Plaintiff alleged the same facts in both his original complaint and amended complaint, and all the allegations raised in the amended complaint either were or could have been raised in the original complaint.

Accordingly, for the foregoing reasons, it is recommended that Plaintiff's Motion to Amend his Complaint should be DENIED. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Hood's acceptance thereof is waived.


DATED: May 31, 2005                s/Donald A. Scheer
                                   DONALD A. SCHEER
                                   UNITED STATES MAGISTRATE JUDGE


CERTIFICATE OF SERVICE

I hereby certify on June 1, 2005, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 1, 2005. Ladon Sean Churn Bey.

                                   s/Michael E. Lang
                                   Deputy Clerk to
                                   Magistrate Judge Donald A. Scheer
                                   (313) 234-5217