**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LADON SEAN CHURN BEY,**

    **Plaintiff,**

                                                                     **Case No. 03-72973**

v.

                                                             **HONORABLE DENISE PAGE HOOD**

**WILLIAM OVERTON, et. al.**

    **Defendants.**

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION AND DENYING**
**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation dated May 31, 2005, and Plaintiff's Motion for Relief from Judgment filed May 12, 2005. On May 28, 2004, the Court issued a Judgment in favor of the Defendants and against the Plaintiff. The Plaintiff filed a Motion to Set Aside or Alter Judgment on June 25, 2004. On July 23, 2004 the Plaintiff filed a Motion to Correct or Modify as well as an Application to Proceed on Appeal Without Prepayment of Fees. On September 13, 2004, the Sixth Circuit Court of Appeals dismissed Plaintiff's appeal. The Court issued and Order denying the Motion to Set Aside or Alter Judgment, denying the Motion to Correct or Modify and granting the Application to Proceed on Appeal Without Prepayment of Fees, on March 23, 2005. On May 5, 2005, the Plaintiff filed a Motion to Amend the Complaint. The Magistrate Judge issued a Report and Recommendation, denying the Motion to Amend the Complaint, on May 31, 2005. Plaintiff filed a Response on June 20, 2005. On May 12, 2005, the Plaintiff filed a Motion from Relief of Judgment of the Court's March 23, 2005 Order.

    **A.**    **Report and Recommendation**

Magistrate Judge Scheer concluded that following the Court's entry of final judgment, the Plaintiff did not seek leave to amend his Complaint without first moving to alter, set aside or vacate the judgment pursuant to Federal Rule Civil Procedure 59 or 60.[1]  The Magistrate Judge recommended that this Court deny Plaintiff's Motion to Amend the Complaint.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons.

### B.     Motion For Relief From Judgment

Rule 60(b) of the Federal Rules of Civil Procedure provides that, "the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore dominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

Plaintiff seeks relief of the Court's March 23, 2005 Order, under 60(b)(1) excusable neglect. Any misfiling of the Plaintiff's requested extension to file objections to the Magistrate Judge's April 22, 2004 Report and Recommendation is excused. The Court addressed this issue in its March 23, 2005 Order. However, the Court did not base it denial on the misfiling of the Plaintiff's Motion to

---

[1]Plaintiff did file a Motion to Set Aside or Alter Judgment on June 25, 2004. Docket No. 37. The Court denied Plaintiff's Motion to Set Aside or Alter Judgment on March 23, 2005. Docket No. 46.

Extend.  The Court held that the Plaintiff did not address the merits of the Magistrate Judge's Report and Recommendation, rather he merely set forth facts and reasons regarding the failure to file objections to the April 22, 2004 Report and Recommendation.

The Court's review of its Order Accepting and Adopting the April 22, 2004 Report and Recommendation shows that the Court dismissed Plaintiff's case based on the merits of his claims and not for failure to file objections.  This second motion for reconsideration of the Court's dismissal once again fails to address the merits of the April 22, 2004 Report and Recommendation.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Donald A. Scheer  dated May 31, 2005, is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint **[Docket No. 48, filed May 5, 2005]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time to file Objections to Report and Recommendation **[Docket No. 54, filed June, 13, 2005]** is GRANTED.  Plaintiff filed Objections on June 20, 2005 and August 29, 2005.

IT IS FURTHER ORDERED that Plaintiff's Motion for Relief From Judgment **[Docket No. 50, filed May 12, 2005]** is DENIED.

 /s/ Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED: October 31, 2005

I hereby certify that a copy of the foregoing document was served upon LaDon Sean Churn Bey,

3

#165703, Marquette Branch Prison, 1960 U.S. 41 South, Marquette, MI 49855 and Christine M. Campbell, AAG on October 31, 2005, by electronic and/or ordinary mail.

                                              s/William F. Lewis  
                                              Case Manager